**EXHIBIT B**

# 裁 决 书

## Arbitral　Award



中国国际经济贸易仲裁委员会

CHINA INTERNATIONAL ECONOMIC AND TRADE ARBITRATION COMMISSION

# 中国国际经济贸易仲裁委员会

# 裁　决　书

申　请　人：厦门国贸集团股份有限公司

地　　　址：中国福建省厦门市思明区湖滨南路国贸大厦

　　　　　　18层

仲裁代理人：刘鑫、江纯静 厦门国贸集团股份有限公司

被 申 请 人：PEACE BIRD TRADING CORP

地　　　址：1441 67TH ST APT 1B BROOKLYN,

　　　　　　NY11219 UNITED STATES OF AMEIRICA

仲裁代理人：WU Wen Yi （吴文艺）

北　京

二○二○年三月十日

# 裁　决　书

〔2020〕中国贸仲京裁字第 0317 号

中国国际经济贸易仲裁委员会（以下简称"仲裁委员会"）根据申请人厦门国贸集团股份有限公司（以下简称"申请人"）与被申请人 PEACE BIRD TRADING CORP（以下简称"被申请人"）于 2017 年 2 月 10 日签订的 NLF20170218 号 "PEACE BIRD TRADING CORP CONTRACT"、NLF20170220-1 号 "PEACE BIRD TRADING CORP CONTRACT"、NLF20170220-2 号 "PEACE BIRD TRADING CORP CONTRACT"，于 2017 年 5 月 10 日签订的 NLF20170514 号 "PEACE BIRD TRADING CORP CONTRACT"、NLF20170517 号 "PEACE BIRD TRADING CORP CONTRACT"、NLF20170520 号 "PEACE BIRD TRADING CORP CONTRACT"、NLF20170706 号 "PEACE BIRD TRADING CORP CONTRACT"，于 2017 年 6 月 25 日签订的 NLF20170620 号 "PEACE BIRD TRADING CORP CONTRACT" 中仲裁条款的约定，以及申请人于 2018 年 11 月 22 日向仲裁委员会提交的书面仲裁申请，受理了本案。本案案件编号为 G20181782。

本案仲裁程序适用自 2015 年 1 月 1 日起施行的《中国国际经济贸易仲裁委员会仲裁规则》（以下简称"《仲裁规则》"）。

1

2019 年 1 月 2 日，仲裁委员会仲裁院（以下简称"仲裁院"）按照申请人在仲裁申请书中提供的地址，以特快专递的方式分别向双方当事人寄送了本案仲裁通知、《仲裁规则》和《仲裁员名册》，同时向被申请人寄送了申请人提交的仲裁申请书及其所附证据材料。

申请人选定唐功远先生担任本案仲裁员。由于被申请人未在规定期限内选定或委托仲裁委员会主任指定仲裁员，仲裁委员会主任根据《仲裁规则》之规定指定刘净女士担任本案仲裁员。由于双方未在规定期限内共同选定或共同委托仲裁委员会主任指定首席仲裁员，仲裁委员会主任根据《仲裁规则》之规定指定周晓燕女士担任本案首席仲裁员。在签署了接受指定《声明书》后，上述三位仲裁员于 2019 年 4 月 16 日组成仲裁庭，共同审理本案。

仲裁庭经商仲裁院决定于 2019 年 5 月 29 日在北京对本案进行开庭审理。2019 年 4 月 16 日，仲裁院以特快专递的方式向双方当事人分别寄送了本案组庭通知及所附本案仲裁员签署的接受指定《声明书》和开庭通知。

2019 年 5 月 29 日，仲裁庭在北京如期对本案进行了开庭审理。双方当事人均委托代理人参加了庭审。庭审前，申请人向仲裁庭提交了落款日期为 2019 年 5 月 1 日的"证据清单"及其所附证据材料，被申请人提交了其单方制作的表格，仲裁院当庭将双方当事人的上述文件进行了互转。庭审中，申请人

陈述了其仲裁请求及所依据的事实和理由，被申请人进行了答辩，申请人出示了相关证据的原件，被申请人进行了质证，双方当事人就事实和法律问题进行了辩论，并回答了仲裁庭的提问。

2019年7月1日，申请人提交了"说明函""代理词"、落款日期为2019年6月18日的"证据清单"及其所附证据材料。后，仲裁院向被申请人转寄了申请人提交的上述材料。

2020年2月19日，申请人提交了"变更仲裁请求说明函"及附件。2020年2月25日，仲裁院将上述材料转寄被申请人，并通知双方当事人，仲裁庭已决定受理申请人上述"变更仲裁请求说明函"中变更的仲裁请求，并请被申请人于规定期限内答辩。在上述规定期限内，被申请人未提交书面答辩。

基于本案仲裁程序进行的需要，经仲裁庭申请，仲裁院院长同意并决定将本案裁决作出的期限延长至2020年3月17日。

有关本案的所有书面通知和文件均已由仲裁院按照《仲裁规则》的规定有效送达双方当事人。

本案现已审理终结，仲裁庭根据双方当事人提交的现有书面文件以及庭审所查明的事实，经合议，作出本裁决。

现将本案案情、仲裁庭意见和裁决结果分述如下：

## 一、 案  情

（一） 申请人的仲裁请求及所依据的事实和理由

申请人与被申请人于 2017 年 2 月 10 日签订编号 NFL20170218、NFL20170220（共两份，以 NFL20170220-1、NFL20170220-2、以示区别）三份《PEACE BIRD TRADING CORP ONTRACT》，于 2017 年 5 月 10 日签订编号 NFL20170514、NFL20170517、NFL20170520、NFL20170706 四份《PEACE BIRD TRADING CORP ONTRACT》，于 2017 年 6 月 25 日签订编号 NFL20170620《PEACE BIRD TRADING CORP ONTRACT》（前述合同合计共八份）。合同约定由被申请人向申请人采购布料，申请人按照合同约定将前述讼争合同项下货物如期交付被申请人，然被申请人拒不付款。各合同具体条款及履行情况如下：

1. 编号 NFL20170218 合同条款及履行情况

合同约定，被申请人向申请人采购布料合计数量 72,000KGS，总金额 316,800 美元，交货地点 CIF MEXICO,付款方式为 OA 180days(货物起运后 180 天内付款)。

合同签订后，申请人将合同项下货物委托船公司 CCNI 运输。2017 年 5 月 31 日，被申请人向申请人申请提单电放，同时向申请人出具付款保证函，保证对电放提单项下的货款于货物装运后 180 天付款。2017 年 5 月 17 日，船公司 CCNI 向申请人出具电放提单，提单显示货物已经装船。2017 年 6 月 9 日，

4

申请人通过邮箱 <964895151@qq.com>向被申请人指定联系人 FENG XU 邮箱<FENGXU88888@GMAIL.COM>发送电放提单。货物于 2017 年 6 月 18 日到达目的港，被申请人凭借电放提单将货物 提走。

根据合同约定，被申请人应于 2017 年 11 月 24 日前付清 前述合同项下款项，经申请人多次催告，被申请人仍拒不付款。 前述合同项下货款本金合计 96,653.48 美元。

2. 编号 NFL20170220-1 合同条款及履行情况

合同约定，被申请人向申请人采购布料合计数量 96,000KGS，总金额 432,000 美元，交货地点 CIF MEXICO，付款 方式为 OA 180days（货物起运后 180 天内付款）。

合同签订后，申请人将合同项下货物委托船公司 CCNI 运 输。2017 年 5 月 31 日，被申请人向申请人申请提单电放，同 时向申请人出具付款保证函，保证对电放提单项下的货款于货 物装运后 180 天付款。2017 年 5 月 17 日，船公司 CCNI 向申请 人出具电放提单，提单显示货物已经装船。2017 年 6 月 9 日， 申请人通过邮箱 <964895151@qq.com>向被申请人指定联系人 FENG XU 邮箱<FENGXU88888@GMAIL.COM>发送电放提单。货物于 2017 年 6 月 18 日到达目的港，被申请人凭借电放提单将货物 提走。

根据合同约定，被申请人应于 2017 年 11 月 24 日前付清

前述合同项下款项，经申请人多次催告，被申请人仍拒不付款。前述合同项下货款本金合计 96,980.4 美元。

3. 编号 NFL20170220-2 合同条款及履行情况

合同约定，被申请人向申请人采购布料合计数量 72,000KGS，总金额 452,880 美元，交货地点及时间 LDP MEXICO（完税交货），付款方式为 OA 180days(货物起运后 180 天内付款)。

合同签订后，申请人将合同项下货物分两批次委托船公司 HAPAG-LLOYD/BVL 运输。2017 年 7 月 4 日，被申请人向申请人申请编号 HLCBON23769 提单电放，同时向申请人出具付款保证函，保证对电放提单项下的货款于货物装运后 180 天付款。2017 年 7 月 5 日，船公司 HAPAG-LLOYD 向申请人出具提单，提单显示货物已经装船。2017 年 7 月 21 日，申请人通过邮箱 <964895151@qq.com>向被申请人指定联系人 FENG XU 邮箱 <FENGXU88888@GMAIL.COM>发送提单扫描件。货于 2017 年 7 月 29 日到达目的港，被申请人凭借提单扫描件将货物提走。

2017 年 7 月 10 日，被申请人向申请人出具付款保证函，保证对编号 ZYA7NGB020295 提单项下的货款于货物装运后 180 天付款。2017 年 7 月 10 日，船公司 BVL 向申请人出具正本提单，提单显示货物已经装船。2017 年 7 月 24 日，申请人通过 DHL 快递（快递单号 763 4841 502）向被申请人指定地址发送

提单正本。货物于 2017 年 7 月 31 日到达目的港，被申请人凭借提单将货物提走。

根据合同约定，被申请人应于 2018 年 1 月 6 日前付清前述合同项下款项，经申请人多次催告，被申请人仍拒不付款。前述合同项下货款本金合计 286,293.12 美元。

4. 编号 NFL20170514 合同条款及履行情况

合同约定，被申请人向申请人采购布料合计数量 22,000KGS，总金额 145,640 美元，交货地点 LDP MEXICO，付款方式为 OA 180days（货到后 180 天内付款）。

合同签订后，申请人将合同项下货物委托船公司 HAPAG-LLOYD 运输。2017 年 7 月 4 日，被申请人向申请人申请提单电放，同时向申请人出具付款保证函，保证对电放提单项下的货款于货物装运后 180 天付款。2017 年 6 月 26 日，船公司 HAPAG-LLOYD 向申请人出具正本提单，提单显示货物已经装船。2017 年 7 月 21 日，申请人通过邮箱 <964895151@qq.com>向被申请人指定联系人 FENG  XU 邮箱<FENGXU88888@GMAIL.COM>发送提单扫描件。货物于 2017 年 7 月 29 日到达目的港，被申请人凭借提单扫描件将货物提走。

根据合同约定，被申请人应于 20118 年 1 月 1 日前付清前述合同项下款项，经申请人多次催告，被申请人仍拒不付款。前述合同项下货款本金 147,541.93 美元。

5. 编号 NFL20170517 合同条款及履行情况

合同约定，被申请人向申请人采购布料合计数量 132,251KGS，总金额 875,498.8 美元，交货地点 LDP MEXICO，付款方式为 OA 180days(货到后 180 天内付款)。

合同签订后，申请人将合同项下货物委托船公司 HAPAG-LLOYD 运输。2017 年 7 月 4 日，被申请人向申请人申请提单电放，同时向申请人出具付款保证函，保证对电放提单项下的货款于货物装运后 180 天付款。2017 年 7 月 4 日，船公司 HAPAG-LLOYD 向申请人出具正本提单，提单显示货物已经装船。2017 年 7 月 21 日，申请人通过邮箱 <964895151@qq.com>向被申请人指定联系人 FENG XU 邮箱<FENGXU88888@GMAIL.COM>发送提单扫描件。货物于 2017 年 7 月 29 日到达目的港，被申请人凭借提单扫描件将货物提走。

根据合同约定，被申请人应于 2018 年 1 月 1 日前付清前述合同项下款项，经申请人多次催告，被申请人仍拒不付款。前述合同项下货款本金 149,831.78 美元。

6. 编号 NFL20170520 合同条款及履行情况

合同约定，被申请人向申请人采购布料合计数量 24,000KGS，总金额 150,960 美元，交货地点 LDP MEXICO，付款方式为 OA 180days(货到后 180 天内付款)。

2017 年 7 月 10 日，被申请人向申请人出具付款保证函，保证对编号 ZYA7NGB020293 提单项下的货款于货物装运后 180 天付款。2017 年 7 月 10 日，船公司 BVL 向申请人出具正本提单，提单显示货物已经装船。2017 年 7 月 24 日，申请人通过 DHL 快递（快递单号 763 4841 502）向被申请人指定地址发送提单正本。货物于 2017 年 7 月 31 日到达目的港，被申请人凭借提单将货物提走。

根据合同约定，被申请人应于 2018 年 1 月 6 日前付清前述合同项下款项，经申请人多次催告，被申请人仍拒不付款。前述合同项下货款本金 144,412.74 美元。

7. 编号 NFL20170706 合同条款及履行情况

合同约定，被申请人向申请人采购布料合计数量 24,000KGS，总金额 150,960 美元，交货地点 LDP MEXICO，付款方式为 OA 180days（货到后 180 天内付款）。

2017 年 7 月 10 日，被申请人向申请人出具付款保证函，保证对编号 ZYA7NGB021470 提单项下的货款于货物装运后 180 天付款。2017 年 7 月 17 日，船公司 BVL 向申请人出具正本提单，提单显示货物已经装船。2017 年 7 月 24 日，申请人通过 DHL 快递（快递单号 763 4841 502）向被申请人指定地址发送提单正本。货物于 2017 年 8 月 7 日到达目的港，被申请人凭借提单将货物提走。

根据合同约定，被申请人应于 2018 年 1 月 6 日前付清前述合同项下款项，经申请人多次催告，被申请人仍拒不付款。前述合同项下货款本金 141,095.39 美元。

8. 编号 NFL20170620 合同条款及履行情况

合同约定，被申请人向申请人采购布料合计数量 19,536KGS，总金额 150,426.9 美元，交货地点 LDP MEXICO，付款方式为 OA 180days（货到后 180 天内付款）。

2017 年 8 月 4 日，被申请人向申请人出具付款保证函，保证对编号 C232013347 提单项下的货款于货物装运后 180 天付款。2017 年 7 月 31 日，船公司 YANG MING 向申请人出具正本提单，提单显示货物已经装船。2017 年 8 月 4 日，申请人通过 DHL 快递（快递单号 506 2759 995）向被申请人指定地址发送提单正本。货物于 2017 年 8 月 21 日到达目的港，被申请人凭借提单将货物提走。

根据合同约定，被申请人应于 2018 年 1 月 27 日前付清前述合同项下款项，经申请人多次催告，被申请人仍拒不付款。前述合同项下货款本金 122,945.13 美元。

上述八个合同项下，货款本金合计 1,185,753.97 美元。

申请人提出仲裁请求如下：

1. 被申请人立即向申请人支付货款 1,185,753.97 美元及

利息 51,563.04 美元（从应付款之日起计算，暂计至 2018 年 11 月 6 日，以银行同期贷款利率年 5.05%计算）；

以上金额暂合计：1,237,317.01 美元

2. 被申请人偿付申请人为本案支出的差旅费；

3. 本案的仲裁费、保全费由被申请人承担。

后，申请人提交变更请求说明函，将上述第 1 项仲裁请求变更为：

1. 被申请人立即向申请人支付货款 1,185,753.97 美元及利息 48,499.89 美元（从应付款之日起算，暂计至 2018 年 11 月 6 日，以中国人民银行中长期贷款【一至五年】利率即年 4.75%计算，应计至被申请人实际支付之日）。

（二）被申请人庭审时的口头答辩

被申请人于庭审前未提交任何书面文件，庭审时口头答辩如下：

被申请人当庭提交单方整理出的表格，整理出总共三十几个货柜，之后做了 LDP，每个货柜的货柜号，用了一个公司采购的 LDP 的采购金额，并写明申请人支付的清关费用。被申请人称，按照约定，申请人把货柜从中国送出去，而且要及时把墨西哥该交的海关费用汇到被申请人那边，报关函要及时交到海关，被申请人的货物才不会延误，及时清关提货出来。被申请

人提交的上述表格已经很详细的列出每个货柜，包括 LDP 所有的货柜、所有的交易买卖。货柜号 ETD，是货柜到达墨西哥码头的预计时间；ETD，是从厦门或者宁波离案的预计时间；ETA 是预计到达墨西哥的时间。

按照国际惯例，LDP 是指申请人付完关税，然后货交被申请人，从这个商业概念上讲，如果没有支付关税，就不可能提货。如果没有提货，被申请人就不会认可此交易，因为被申请人支付的是包含关税之后的价格。

争端在于上述 30 多个货柜中几乎每个货柜在被申请人收到货款、关税之时，都已经延误几十天不等。因此根据申请人清关费用的日期计算，30 多个货柜总共延误了 1566 天，这些证据被申请人可以庭后提交。

一般来说，国际贸易过程中货物需要提早一星期清关，让海关有充足的时间审核资料。所以，货柜采购延误会导致被申请人需要付给当地港口货物滞港费用，货柜需要租赁集装箱装载，因此还需要支付给船公司费用。

从厦门、宁波到墨西哥，如果货柜被海关扣押一个月，被申请人就必须额外支付一月的租金，即空箱费用。空箱费用每天需要 275 美元，加上滞港费用 275 美元，每天的延误费用被申请人需要支付 550 美元。作为生意上的合作伙伴，被申请人一直没有向申请人索取延误费用，而是由被申请人独立承担，

因此向海关支付了一笔很大费用。因此，因此，申请人迟延给付货物进口关税、海关清关费用导致的滞港费用、空箱费用需要向海关支付 1566×550 美元。

在国际贸易中，如果货物延误一个礼拜，很少有客户会接收货物的，因为货物的索赔费用是一笔天文数字，包括滞港费用、空箱费用、租金、海关罚款。如果延误超过 60 天，海关会将这批货物没收。

被申请人以往每个货柜都可以盈利，并按时交付给客户，这些银行记录申请人与被申请人都有留存。尤其是纺织品，季节性比较强，厚度颜色非常应季，过了一定季节就不流行了，纺织品因此变成了库存。被申请人的客户都是墨西哥当地大型的染厂，购买被申请人的布料染色；以及墨西哥大型服装厂，购买被申请人的面料加工成服装卖给沃尔玛和其他大型零售连锁店。被申请人的布料延误了一个多月，服装厂就无法将成品制作完成交付给沃尔玛，沃尔玛无法完成预定的计划，就会向服装厂索赔。之后，服装厂也会拒绝接收被申请人延误的货物，并向被申请人索赔。最后，布料一旦过时，即使折价甩卖，也很难再出售了。

综上，申请人迟延给付货物进口关税、海关清关费用导致被申请人发生当地港口货物滞港费、集装箱租赁费、空箱费等损失，因此有权拒付货款。

（三）申请人的代理词

首先，申请人向仲裁庭阐明，根据开庭的实际情况，本案的申请人及被申请人均认可被申请人、CRYSTAL VOGUE INC.及XING LIN(USA)INTERNATIONAL CORP.均为同一实际控制人所控制的企业，上述三家企业任何一家所作出的意思表示（例如付款指示、付款承诺等），均可视为是另外两家的意思表示，不应局限地认为仅为实际作出主体的意思表示。

1. 申请人已经依约履行了所有讼争合同项下标的货物的交付义务，被申请人应当支付货款

在本案所涉的五份合同中，被申请人均出具了无条件付款保函，根据保函条款，被申请人应当在货物起运后的180内无条件付款。申请人已提交货物装船起运的证明(即提单)，被申请人也当庭认可业已收到讼争合同项下的全部货物。因此无论是发生货物灭失或者进口清关等任何风险，被申请人均应依照付款保函的承诺，承担无条件付款的义务。

2. 被申请人以申请人迟延支付标的货物进口关税款项（以下简称"款项"）给被申请人造成损失（以下简称"损失"）为由拒付货款的抗辩理由不能成立

（1）讼争CIF合同项下，申请人不承担进口清关义务，不应承担损失

14

根据《2010 国际贸易术语解释通则》，CIF 贸易术语项下，卖方将货物运至船上即完成交货。当货物运至船上时，货物灭失或损坏的风险转移。货物运至目的地后，由买方承担一切风险与费用，卖方无需缴纳进口款项、不承担进口清关义务。具体到本案中，申请人作为讼争合同的卖方，不承担进口清关义务，无需办理任何进口海关手续，因此不存在因申请人支付款项迟延造成被申请人损失的问题。

（2）讼争 LDP 合同项下，被申请人是标的货物的清关义务人，应自行承担清关责任，申请人不存在款项的迟延支付行为，被申请人无权要求申请人赔偿损失

①被申请人是标的货物的清关义务人，申请人不承担进口清关责任，被申请人应自行承担清关责任

根据被申请人于 2017 年 6 月 1 日向申请人出具的《承诺书》，明确表示"我们将全权控制货柜从目的港到我们仓库的所有通关步骤，所有这些步骤的风险都由我们承担"，本承诺书已经十分明确的表明，被申请人是标的货物的清关责任人，申请人不存在清关义务。

被申请人身处收货地、货物清关地，毫无疑问应熟悉当地的清关政策，作为清关责任人，应当在第一时间处理货物的清关事宜，缴纳款项使得货物得以正常进口。然而被申请人并未适当、及时的履行清关义务，由清关（包括但不限于清关迟延）

15

所产生的一切风险与损失，应由被申请人自行承担。

②申请人不存在款项的迟延支付行为

a．讼争合同中关于款项支付时间没有约定，如被申请人要求申请人支付款项，应当提前通知申请人并且留给申请人必要的准备时间

根据申请人提供给仲裁庭的《说明函》，申请人认为本案应当适用中国法。根据《中华人民共和国合同法》的规定，关于合同义务履行期限不明确的，债务人可以随时履行，债权人也可以随时要求履行，但应当给对方必要的准备时间。被申请人既然要求申请人履行款项的付款义务，就应提前告知申请人，并且应当给申请人预留必要的准备时间。具体到本案中，申请人在收到被申请人的付款指示后，即积极安排付款事宜，并且在合理的时间内将款项支付给被申请人，不存在迟延付款的行为。

b．交易双方对中国外汇管制政策均已充分了解，因外汇管制原因引起的款项合理支付时间不应视为款项迟延支付

从交易双方的聊天记录以及《承诺函》可以看出，被申请人在合同签订、履行时，已充分知悉中国的外汇管制政策，对外汇付出需要一定的合理支付时间这一实际情况都有着提前的预判。从2017年5月至6月期间（亦即货物尚未到港之时）各方聊天记录可以看出，申请人人员蒋淑芳已明确向被申请人

工作人员 Feng Xu 表示申请人不能向境外直接打"款项",被申请人方工作人员对此并无异议,其同时提供了多种渠道,希望申请人将相关款项打到被申请人指定的国内相应账户,以解决该问题。被申请人各方的微信、电话聊天中也一再表示,由此产生的汇付风险由其承担。因此,交易双方在交易之初已对款项支付的合理时间有了充分的预估了解,在合同履行过程中对款项的支付方式也做了相应的调整,被申请人将外汇管制原因引起的款项合理支付时间视为款项迟延支付是不恰当的。

c. 申请人已在力所能及的范围内及时、全额的将款项支付给被申请人,不存在任何的支付迟延

在款项难以直接汇出的情况下,申请人秉持着诚实信用的原则,按照被申请人的指示,在第一时间将款项汇付给其指定的第三人,被申请人在庭上也承认已经全额收到申请人应付的全部款项。

综上,法律上、惯例中,均未对 LDP 术语下卖方支付款项的时间进行规定/约定,被申请人如要求申请人履行付款义务应当提前告知并应当预留给申请人必要的准备时间。且各方在合同签订、履行时已充分知悉中国对外汇的管制政策,对外汇付出需要一定的准备时间都有着提前的预判,被申请人不应将外汇管制原因造成的款项合理到账时间视为款项迟延支付。申请人秉持着诚实信用的原则,已在力所能及的范围内及时、全

额的将款项支付给被申请人，不存在任何的支付迟延。

③被申请人未能举证所遭受的损失，申请人不应承担赔偿责任

由于被申请人未能提供相应的基础证据对其当庭提交的"材料"进行佐证，因此申请人无法对"材料"的真实性、合法性进行质证，从"材料"所显示的内容而言，亦与被申请人所主张的损失不具有关联性，无法证明其所遭受的损失。

如被申请人认为申请人的行为对其造成了损失，则应对损失进行举证，但被申请人并未提供任何的证据，赔偿损失无从谈起。鉴于索偿事由不清、赔偿金额不明，申请人不应向被申请人承担任何赔偿责任。

值得一提的是，在 2017 年 8 月份，在 LDP 项下货物款项已受外汇监管，难以对外付汇时，被申请人仍然向申请人出具多份付款保函，被申请人在当时并未对款项问题提出任何异议，也未提及向申请人的索偿主张。在 2017 年 9 月申请人业务员蒋淑芳与 FENG XU(亦即被申请人的实际操作人员)的微信聊天中，申请人索要相关货款时，被申请人也只是一再的要求延期付款，从未提出对损失的索偿问题。可见，被申请人在庭审过程中关于申请人付款迟延的抗辩，完全是无稽之谈，仅仅是为了逃避向申请人的付款义务而寻找的借口。

（四）申请人的说明函

18

1. 关于仲裁请求第一项当中，利率选择的问题

首先，根据最高人民法院对逾期付款违约金的计算标准的批复，当事人如果对逾期付款违约金没有约定的，人民法院可以参照人民银行规定的金融机构计收逾期贷款利息的标准计算逾期付款违约金。由于外币贷款利率存在较大的不确定性，且中国实行外汇管制，外币须兑换成人民币方可在中国流通，因此申请人选择以中国人民银行人民币贷款利率为本案利息的计算基础，并无不当。该观点已得到相关法院的采纳（请参（2011）苏商外终字第 7 号）。

由于涉案款项的应付款时间距今已经超过一年，因此申请人选择以当前中国人民银行中长期贷款（一至五年）利率，即年利率 4.75%计算本案逾期利息，相关计算过程见附表。

| 合同编号 | 货物金额 | 船公司出具提单日 | 付款时间 | 暂计 | 天数 | 暂计利息 |
|---|---|---|---|---|---|---|
| NLF20170218 | $96,653.48 | 2017 年 5 月 28 日 | 2017/11/24 | 2018/11/6 | 347 | $4,425.25 |
| NLF20170220-1 | $96,980.40 | 2017 年 5 月 28 日 | 2017/11/24 | 2018/11/6 | 347 | $4,440.22 |
| NLF20170220-2 | $143,097.50 | 2017 年 7 月 5 日 | 2018/1/1 | 2018/11/6 | 309 | $5,834.20 |
| NLF20170514 | $147,541.93 | 2017 年 7 月 5 日 | 2018/1/1 | 2018/11/6 | 309 | $6,015.41 |
| NLF20170517 | $149,831.78 | 2017 年 7 月 4 日 | 2017/12/31 | 2018/11/6 | 310 | $6,128.54 |

19

| | | | | | | |
|---|---|---|---|---|---|---|
| NLF20170220-2 | $143,195.62 | 2017年7月10日 | 2018/1/6 | 2018/11/6 | 304 | $5,743.74 |
| NLF20170520 | $144,412.74 | 2017年7月10日 | 2018/1/6 | 2018/11/6 | 304 | $5,792.56 |
| NLF20170706 | $141,095.39 | 2017年7月17日 | 2018/1/13 | 2018/11/6 | 297 | $5,529.18 |
| NLF20170620 | $122,945.13 | 2017年7月31日 | 2018/1/27 | 2018/11/6 | 283 | $4,590.81 |

| | |
|---|---|
| 本金合计 | $1,185,753.97 |
| 利息合计（暂计） | $48,499.89 |
| 本息合计 | $1,234,253.86 |

利息计算说明：根据付款保函，被申请人承诺在提单日后180天付款，据此计算应付款日期，利率为中国人民银行中长期贷款（一至五年）利率即年4.75%，计算公式为：（实际付款日期-应付日期）×4.75%/360×货款金额

## 2. 关于讼争合同的法律适用问题

根据《中华人民共和国涉外民事关系法律适用法》第四十一条，当事人对合同法律适用没有选择的，适用履行义务最能体现该合同特征的一方当事人经常居所地法律或者其他与该合同有最密切联系的法律。

从讼争合同特征履行的角度出发，本案系买卖合同纠纷，买卖合同的特征履行即为货物的交付与货款的收取。本案货物系从中国发出，按照合同约定货款也应由中国境内当事人收取。因为毫无疑问应当适用中国法。

从最密切联系角度出发，讼争合同最密切联系地，可以是合同履行地，也可以是合同签订地，以及各方当事人的住所等。参照民事诉讼法对于合同履行地点的认定，合同没有约定履行地或约定不明确的，争议标的为给付货币的，以接受货币一方所在地为合同履行地；交付其他标的物的，以履行义务一方所在地为合同履行地。由此可见，涉案合同的合同履行地应当在中国，且申请人系中国境内当事人，因此也应当适用中国法。

最后，本案仲裁地点在中国，讼争合同双方对仲裁语言为中文也未提出异议，适用中国法更有利于对案件的查明和审理。

综上，申请人主张本案审理应当适用中国法。

## 二 、仲裁庭意见

（一）关于本案合同的适用法律

双方当事人在本案合同中没有约定合同的适用法。申请人在提交的《说明函》中，主张本案合同应当适用中国法律，并阐述了理由，被申请人对申请人的主张没有提出反对意见。

仲裁庭认为，从合同最密切联系因素来看，本案合同的签订、履行、主要当事人均与中国有密切联系，本案八份合同的货物均从中国港口装船并发运，卖方当事人即申请人是中国公司，其经常居所地在中国，被申请人对申请人主张适用中国法

律亦没有提出异议，故，以中国法律作为本案合同的适用法是合适的。此外，本案合同约定的仲裁地点在中国，适用仲裁地法即中国法律更便于对案件的审理和查明。综上，仲裁庭将以中国法律作为解决本案合同争议的适用法律。

同时，本案合同约定了 CIF 或 LDP 交货条款，申请人援引了《2010 国际贸易术语解释通则》，被申请人对此未提出异议，故，仲裁庭亦可适用《2010 国际贸易术语解释通则》解决本案合同争议。

（二）关于本案合同的效力

仲裁庭认为，申请人和被申请人是各自依照其本国法注册成立的公司法人，均为签订合同的适格主体，申请人与被申请人经协商一致订立本案合同，体现了双方当事人真实意思表示。本案合同内容没有违反中国法律、行政法规的强制性规定，双方当事人也没有对合同效力提出异议。故，本案合同合法有效，对双方当事人都具有法律约束力，申请人与被申请人都应当按照合同约定，行使权利、履行义务、承担责任。

（三）关于本案合同的履行情况

仲裁庭经开庭审理、审核证据，认定以下事实：

申请人与被申请人于 2017 年 2 月 10 日签订三份《PEACE BIRD TRADING CORP CONTRACT》合同，编号为 NFL20170218 、NFL20170220（包含两份，编号区别为 NFL20170220-1、

NFL20170220-2）；于 2017 年 5 月 10 日签订四份《PEACE BIRD
TRADING CORP CONTRACT》合同，编号为 NFL20170514、
NFL20170517、NFL20170520、NFL20170706；于 2017 年 6 月 25
日签订一份《PEACE BIRD TRADING CORP CONTRACT》合同，编
号为 NFL20170620，合计八份合同。上述合同约定由被申请人
向申请人采购布料，申请人按照约定交付货物，被申请人按照
约定支付货款。仲裁庭注意到，合同实际履行金额与合同约定
金额不完全一致，是由于合同约定的是框架条款，实际履行金
额由提单和保函共同构成。各项合同条款及履行情况如下：

1. 编号 NFL20170218 合同

合同约定，被申请人向申请人采购布料合计数量
72,000KGS,总金额 316,800 美元,交货地点及条件 CIF MEXICO,
付款方式为 OA 180days(货物启运后 180 天内付款)。

合同签订后,申请人委托船公司 CCNI 运输合同项下货物。
2017 年 5 月 31 日，被申请人向申请人申请电放提单，同时向
申请人出具合同电放保函和付款承诺保函，保证对电放提单项
下的货款于货物启运后 180 天内支付。2017 年 5 月 28 日，船
公司 CCNI 向申请人出具电放提单，提单显示货物已经装船。
2017 年 6 月 9 日，申请人通过邮箱 <964895151@qq.com>向被
申请人指定联系人 FENG XU 邮箱<FENGXU88888@GMAIL.COM>发
送电放提单。货物于 2017 年 6 月 18 日到达目的港，被申请人

凭借电放提单提取了货物。

根据合同约定以及保函承诺，被申请人应于 2017 年 11 月 28 日前付清该合同项下货款，经申请人多次催告，被申请人仍未付款。该合同项下货款金额合计 96,653.48 美元。

2. 编号 NFL20170220-1 合同

合同约定，被申请人向申请人采购布料合计数量 96,000KGS,总金额 432,000 美元,交货地点及条件 CIF MEXICO,付款方式 OA 180days(货物起运后 180 天内付款)。

合同签订后,申请人委托船公司 CCNI 运输合同项下货物。2017 年 5 月 31 日,被申请人向申请人申请提单电放,同时向申请人出具电放保函和付款承诺保函,保证对电放提单项下的货款于货物启运后 180 天付款。2017 年 5 月 28 日,船公司 CCNI 向申请人出具电放提单,提单显示货物已经装船。2017 年 6 月 9 日,申请人通过邮箱 <964895151@qq.com>向被申请人指定联系人 FENG XU 邮箱<FENGXU88888@GMAIL.COM>发送电放提单。货物于 2017 年 6 月 18 日到达目的港, 被申请人凭借电放提单将货物提走。

根据合同约定以及保函承诺，被申请人应于 2017 年 11 月 28 日前付清该合同项下货款，经申请人多次催告，被申请人仍未付款。该合同项下货款金额合计 96,980.40 美元。

3. 编号 NFL20170220-2 合同

合同约定，被申请人向申请人采购布料合计数量 72,000KGS，总金额 452,880 美元，交货地点及条件为 LDP MEXICO（完税交货），付款方式为 OA 180days（货物启运后 180 天内付款）。

合同签订后，申请人将合同项下货物分两批次委托船公司 HAPAG-LLOYD/BVL 运输。第一批次装运：2017 年 7 月 4 日，被申请人向申请人申请编号 HLCBON23769 提单电放，同时向申请人出具电放保函和付款承诺保函，保证对电放提单项下的货款于货物启运后 180 天付款。2017 年 7 月 5 日，船公司 HAPAG-LLOYD 向申请人出具提单，提单显示货物已经装船。2017 年 7 月 21 日，申请人通过邮箱 <964895151@qq.com>向被申请人指定联系人 FENG  XU 邮箱<FENGXU88888@GMAIL.COM>发送该货物提单扫描件。货物于 2017 年 7 月 29 日到达目的港，被申请人凭借提单扫描件将货物提走。

第二批次装运：2017 年 7 月 10 日，被申请人向申请人出具付款保证函，保证对编号 ZYA7NGB020295 提单项下的货款于货物装运后 180 天付款。2017 年 7 月 10 日，船公司 BVL 向申请人出具正本提单，提单显示货物已经装船。2017 年 7 月 24 日，申请人通过 DHL 快递（快递单号 7634841502）向被申请人指定地址发送提单正本。货物于 2017 年 7 月 31 日到达目的港，

25

被申请人凭借提单将货物提走。

根据合同约定以及保函承诺,被申请人应于 2018 年 1 月 6 日前付清该合同项下货款,经申请人催告,被申请人仍不付款。该合同项下货款金额合计 286,293.12 美元。

4. 编号 NFL20170514 合同

合同约定,被申请人向申请人采购布料合计数量 22,000KGS,总金额 145,640 美元,交货地点及条件 LDP MEXICO,付款方式为 OA 180days(货到后 180 天内付款)。

合同签订后,申请人将合同项下货物委托船公司 HAPAG-LLOYD 运输。2017 年 7 月 4 日,被申请人向申请人申请编号 HLCBON23772 提单电放,同时向申请人出具电放保函和付款保证函,保证对电放提单项下的货款于货物装运后 180 天内付款。2017 年 7 月 5 日,船公司 HAPAG-LLOYD 向申请人出具正本提单,提单显示货物已经装船。2017 年 7 月 21 日,申请人通过邮箱 <964895151@qq.com>向被申请人指定联系人 FENG  XU 邮箱<fengxu88888@gmail.com>发送提单扫描件。货物于 2017 年 7 月 29 日到达目的港,被申请人凭提单扫描件提取了货物。

根据合同约定以及函承诺,被申请人应于 2018 年 1 月 5 日前付清该合同项下货款,经申请人多次催告,被申请人仍拒不付款。该合同项下货款金额为 147,541.93 美元。

5. 编号 NFL20170517 合同

合同约定，被申请人向申请人采购布料合计数量 132,251KGS，总金额 875,498.8 美元，交货地点及条件为 LDP MEXICO ，付款方式为 OA 180days(货到后 180 天内付款)。

合同签订后，申请人将合同项下货物委托船公司 HAPAG-LLOYD 运输。2017 年 7 月 4 日，被申请人向申请人申请提单编号 HLCBON23758 提单电放，同时向申请人出具电放保函和付款保证函,保证对电放提单项下的货款于货物装运后 180 天付款。2017 年 7 月 4 日，船公司 HAPAG-LLOYD 向申请人出具正本提单，提单显示货物已经装船。2017 年 7 月 21 日，申请人通过邮箱 <964895151@qq.com>向被申请人指定联系人 FENG XU 邮箱<FENGXU88888@GMAIL.COM>发送提单扫描件。货物于 2017 年 7 月 29 日到达目的港，被申请人凭借提单扫描件将货物提走。

根据合同约定及保函承诺，被申请人应于 2018 年 1 月 2 日前付清该合同项下货款，经申请人多次催告，被申请人仍拒不付款。该合同项下货款金额为 149,831.78 美元。

6. 编号 NFL20170520 合同

合同约定，被申请人向申请人采购布料合计数量 24,000KGS,总金额 150,960 美元,交货地点及条件 LDP MEXICO, 付款方式为 OA 180days(货到后 180 天内付款)。

2017 年 7 月 10 日，被申请人向申请人出具付款保证函，保证对编号 ZYA7NGB020293 提单项下的货款于货物装运后 180 天付款。2017 年 7 月 10 日，船公司 BVL 向申请人出具正本提单，提单显示货物已经装船。2017 年 7 月 24 日，申请人通过 DHL 快递（快递单号 7634841502）向被申请人指定地址发送提单正本。货物于 2017 年 7 月 31 日到达目的港，被申请人凭借提单将货物提走。

根据合同约定及保函承诺，被申请人应于 2018 年 1 月 6 日前付清前述合同项下货款，经申请人多次催告，被申请人仍拒不付款。该合同项下货款金额为 144,412.74 美元。

7. 编号 NFL20170706 合同

合同约定，被申请人向申请人采购布料合计数量 24000KGS，总金额 150,960 美元，交货地点及条件 LDP MEXICO，付款方式为 OA 180days（货到后 180 天内付款）。

2017 年 7 月 10 日，被申请人向申请人出具付款保证函，保证对编号 ZYA7NGB021470 提单项下的货款于货物装运后 180 天付款。2017 年 7 月 17 日，船公司 BVL 向申请人出具正本提单，提单显示货物已经装船。2017 年 7 月 24 日，申请人通过 DHL 快递（快递单号 7634841502）向被申请人指定地址发送提单正本。货物于 2017 年 8 月 7 日到达目的港，被申请人凭借提单将货物提走。

28

根据合同约定及保函承诺，被申请人应于 2018 年 1 月 13 日前付清前述合同项下货款，经申请人多次催告，被申请人仍拒不付款。该合同项下货款金额为 141,095.39 美元。

8. 编号 NFL20170620 合同

合同约定，被申请人向申请人采购布料合计数量 19,536KGS，总金额 150,426.9 美元，交货地点及条件为 LDP MEXICO,付款方式为 OA 180days(货到后 180 天内付款)。

2017 年 8 月 4 日，被申请人向申请人出具付款保函，保证对编号 C232013347 提单项下的货款于货物装运后 180 天付款。2017 年 7 月 31 日,船公司 YANG MING 向申请人出具正本提单，提单显示货物已经装船。2017 年 8 月 4 日，申请人通过 DHL 快递(快递单号 5062759995)向被申请人指定地址发送提单正本。货物于 2017 年 8 月 21 日到达目的港，被申请人凭借提单将货物提走。

根据合同约定以及保函承诺，被申请人应于 2018 年 1 月 26 日前付清该合同项下货款，经申请人多次催告，被申请人仍拒不付款。该合同项下货款金额为 122,945.13 美元。

上述八份合同项下应付货款金额合计 1,185,753.97 美元。对于上述各笔应付货款，被申请人均出具了付款保函，根据保函条款，被申请人承诺在货物启运后的 180 内付清货款。申请人提交了货物装船启运的证明(即提单)，被申请人在仲裁开庭

29

时当庭认可收到上述合同项下的全部货物。故，在申请人履行了交货义务后，被申请人应依照合同约定以及付款保函的承诺，履行相应付款义务。

仲裁庭注意到，被申请人在开庭时提出，申请人迟延给付货物进口关税、海关清关费用导致被申请人发生当地港口货物滞港费、集装箱租赁费、空箱费等损失，因此有权拒付货款，但被申请人当庭及庭后均没有提供任何证据支持其主张。对此，申请人庭后提交《代理词》陈述：申请人没有延迟支付该等款项，在遇到外汇管理政策变化、对外付汇困难的情况下，积极与被申请人协商，寻找解决办法，双方对该等款项的支付方式做出了相应调整，申请人按照被申请人的指示，将款项汇付给其指定的第三人，被申请人开庭时亦承认已收到申请人给付的全部款项。此外，被申请人没有举证证明其遭受损失，因此，被申请人的辩称只是为其不履行付款义务寻找借口。

仲裁庭认为，上述八份合同中，编号 NFL20170218 合同、NFL20170220-1 合同约定的是 CIF 交货条款，根据《2010 国际贸易术语解释通则》，CIF 贸易术语项下，卖方将货物运至船上即完成交货，货物灭失或损坏的风险由卖方转移至买方，即交货后由买方承担一切风险和费用，卖方无需缴纳进口关税，不承担货物进口清关义务。其他六份合同约定的是 LDP MEXICO 交货条款，根据《2010 国际贸易术语解释通则》，LDP 是目的

港完税交货，卖方要自负风险及费用，办理货物进口清关手续，包括提供进口许可证，负担进口关税、海关验关费用，以及因货物进口并交付买方而需支付的任何其他税款或费用。然而，本案合同履行的一个重要事实是，被申请人于 2017 年 6 月 1 日向申请人出具一份《承诺书》（见申请人第三次提交证据第十五组 15.1），明确承诺被申请人将：自行购买货物从目的港到被申请人仓库的保险；同意申请人的货运代理公司与被申请人一起操作 LDP 所有流程；控制货物从目的港到被申请人仓库海关清关的所有步骤，由此产生的所有风险都由被申请人承担；多支付清关费的 4%以补偿申请人为被申请人垫付 LDP 的成本。该《承诺书》实际上已修改了双方在前述合同中约定的 LDP 交货条款，被申请人通过该《承诺函》成为本案合同项下货物进口的清关义务人，承担货物清关的责任及风险，申请人不再承担进口货物的清关责任及风险。故，本案合同履行过程中，因被申请人未适当、及时办理清关手续，导致货物延迟通关及交付所产生的风险与损失，包括滞港费、空箱费、租金、海关罚款等，应由被申请人自行承担。

综上，仲裁庭对被申请人拒付货款的抗辩理由不予认可，被申请人拒付货款行为构成违反合同，根据《中华人民共和国合同法》第一百零七条、第一百零九条的规定，被申请人应当承担违约责任，并赔偿因其违约给申请人造成的相关损失。

（四）关于申请人的仲裁请求

对被申请人的违约行为，申请人提出以下仲裁请求：

1. 被申请人立即向申请人支付货款 1,185,753.97 美元及利息 48,499.89 美元（从应付款之日起算，暂计至 2018 年 11 月 6 日，以中国人民银行中长期贷款【一至五年】利率即年 4.75% 计算，应计至被申请人实际支付之日）。

关于货款请求，根据仲裁庭前述对履行合同事实的认定，申请人按照合同约定履行了交货义务，被申请人应当履行支付相应货款义务，本案所涉八份合同项下的应付货款合计为 1,185,753.97 美元，因此，仲裁庭对于申请人要求被申请人向其支付应付货款 1,185,753.97 美元的请求予以支持。

关于利息请求，申请人根据最高人民法院关于逾期付款违约金计算标准的司法解释，选择中国人民银行规定的金融机构人民币中长期贷款利率计算本案逾期付款违约金，并举证人民法院相关判决支持其主张。对此主张，被申请人没有提出异议及抗辩。申请人庭后提交的《说明函》中，将仲裁请求中计算逾期付款利息的贷款利率 5.05%改为人民银行中长期贷款利率 4.75%，并提交了利息计算方法和公式。仲裁庭认为，本案合同履行是从 2017 年至 2018 年，合同项下应付款的逾期时间已超过两年，故，申请人以年利率 4.75% 计算逾期付款利息是适当的，仲裁庭予以支持。故，被申请人应向申请人支付暂计至 2018

年 11 月 6 日的利息 48,499.89 美元，以及以 1,185,753.97 美元为本金，自 2018 年 11 月 7 日起至被申请人实际支付之日止按年利率 4.75%计算的利息。

2. 被申请人偿付申请人为本案支出的差旅费。

申请人对其此项请求没有提交任何证据，所以，仲裁庭对该请求不予支持。

3. 本案的仲裁费、保全费由被申请人承担。

根据本案审理情况，仲裁庭裁定，本案仲裁费由被申请人全部承担。

关于保全费，鉴于申请人没有提交相关证据，仲裁庭对该请求不予支持。

# 三、裁　决

经审理及合议，　仲裁庭裁决如下：

（一）被申请人向申请人支付货款 1,185,753.97 美元；

（二）被申请人向申请人支付暂计至 2018 年 11 月 6 日的利息 48,499.89 美元，以及以 1,185,753.97 美元为本金，自 2018 年 11 月 7 日起至被申请人实际支付之日止按年利率

4.75%计算的利息;

（三）本案仲裁费人民币 215,372 元,全部由被申请人承担，鉴于申请人已预付该笔仲裁费用，被申请人应偿付申请人为其垫付的仲裁费人民币 215,372 元;

（四）驳回申请人其他仲裁请求。

以上各项支付金额,被申请人应于本裁决作出之日起 30 日内支付完毕。

本裁决为终局裁决，自作出之日起生效。

（此页无正文）

首席仲裁员：

仲　裁　员：

仲　裁　员：

二○二○年三月十日于北京

35





中 国 国 际 经 济 贸 易 仲 裁 委 员 会

CHINA INTERNATIONAL ECONOMIC AND TRADE ARBITRATION COMMISSION