

**Michael S. Horn**
*Member of New Jersey and New York Bar*
mhorn@archerlaw.com
201-498-8529 (Ext. 7529) Direct
201-342-6611 Direct Fax

Archer & Greiner, P.C.
1211 Avenue of the Americas, Suite 2750
New York, NY 10036
212-682-4940 Main
856-795-0574 Fax
www.archerlaw.com

May 25, 2021

**VIA ECF**
Magistrate Judge Vera M. Scanlon
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Xiamen ITG Group Corp., Ltd. v. Peace Bird Trading Corp.
             Civil Action No. 21-cv-0535

Dear Judge Scanlon:

      We represent the Defendant, Peace Bird Trading Corp. in the above referenced matter. We respectfully request a pre-motion conference pursuant to Local Civil Rule 1.4 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York for leave to file an application to withdraw as counsel for Peace Bird Trading Corp. and to provide it forty-five (45) days to retain counsel.[1]

      Pursuant to Local Civil Rule 1.4 provides:

> An attorney who has appeared as an attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

      When considering whether to grant a motion to withdraw under Rule 1.4, "courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Winfield v. Kirschenbaum & Phillips, P.C.,* No. 12-cv-7424(JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013).

---

[1] There are two other related matters where we are also seeking to withdraw for the same reasons.

Magistrate Judge Vera M. Scanlon
May 25, 2021
Page 2

      Both factors weigh in favor of our withdrawal. Specifically, we seek to withdraw as counsel since there has been a breakdown in communication between our firm and our client making it virtually impossible to continue to represent Peace Bird.  Without revealing confidential communications between us and our client[2], this breakdown in communication has made it extremely difficult for us to continue to represent it in this case.  In that regard, many of the documents and evidence is written in a foreign language, and many of the facts related to the case occurred in other countries.  These facts make it even more essential that there be continuous and open communication with our client.  In the absence of this necessary communication, as noted, it has become very difficult to represent this client.

      In addition, Peace Bird has failed to pay for the work we have done for months.  This supports a basis for withdrawing. *SEC v. Pentagon Capital Mgmt. PLC*, No. 08-cv-3324 (RWS), 2012 WL 3065981, at *2 (S.D.N.Y. July 25, 2012) (citation omitted). "The New York Rules of Professional Conduct permit a lawyer to withdraw if the client 'deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.—Stair v. Calhoun, 722 F. Supp. 2d 258, 266 (S.D.N.Y. 2010) (citing N.Y. Rules of Professional Conduct, Rule 1.16(c)(5)).

      It is important to note that this matter has just begun.  In addition, there is still a motion to dismiss pending.  Therefore, the case remains at an early stage and our withdrawal will not prejudice any party.  In short, our withdrawal can be accomplished without any adverse effect on the litigation. *See, e.g., Farmer v. Hyde Your Eyes Optical, Inc.,* 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014).

      We appreciate the Court's attention to this application.

      Respectfully,

      MICHAEL S. HORN

cc:    Counsel of Record (Via ECF)
       Brian Wu, Peace Bird Trading Corp (Via Email and Regular Mail)

221201795v1

---

[2] We have omitted further details to preserve confidentiality, but will provide further details and supporting documentation for *in camera* review if requested by the Court.